IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, :
    Plaintiff,
v. : Case No. 3:17-cr-187
WILLIAM PRIGMORE, : JUDGE WALTER H. RICE
    Defendant. :

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL RIGHTS (DOC. #47)

---

This matter is currently before the Court on Defendant's Motion to Dismiss for Violation of Speedy Trial Rights, Doc. #47. For the reasons set forth below, that motion is overruled.

I. **Background and Procedural History**

William Prigmore was indicted on November 14, 2017, and was arraigned on December 20, 2017. Since the date of his indictment, three of his attorneys have requested, and been granted, leave to withdraw. Based on his tumultuous interactions with his attorneys and his consistently erratic behavior during court appearances, the Court has twice *sua sponte* ordered competency evaluations and then held hearings on those evaluations. The Court has also held an evidentiary hearing on Defendant's motion to suppress evidence.

On July 26, 2018, Defendant filed a Motion to Dismiss for Violation of Speedy Trial Rights, Doc. #47. While that motion was still pending, Defendant indicated his desire to plead guilty; however, at the change-of-plea hearing, held on August 20, 2018, he continued to profess his innocence. The Court therefore refused to accept his guilty plea. On January 2, 2019, the Government filed a 30-page memorandum in opposition to the Motion to Dismiss, Doc. #54. Defendant did not file a reply.

A First Superseding Indictment was filed on January 22, 2019, and a Second Superseding Indictment was filed on July 9, 2019. Trial is currently scheduled to begin on July 23, 2019.

## II. Relevant Law

### A. Sixth Amendment

The Sixth Amendment to United States Constitution guarantees the right of a criminal defendant to "a speedy and public trial." U.S. Const. amend. VI. In *Doggett v. United States*, 505 U.S. 647 (1992), the Supreme Court noted that factors to be considered in determining whether the Speedy Trial Clause has been violated include: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Id.* at 651.

The Sixth Circuit has held that:

> The first factor is a threshold requirement, and if the delay is not uncommonly long, judicial examination ceases. *United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003). A delay approaching one year is presumptively prejudicial. *Doggett*, 505 U.S. at 652, n. 1, 112 S.Ct. 2686. If the threshold is satisfied, the first factor must be considered along with the remaining three factors in the speedy trial analysis. *Id.*

*United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006).

### B. Speedy Trial Act

Under the Speedy Trial Act, trial in a criminal case must commence within seventy days of the filing of the indictment or the date of the arraignment, whichever occurs later. 18 U.S.C. § 3161(c)(1). Nevertheless, periods of delay "resulting from other proceedings concerning the defendant" are excludable in computing that seventy-day time limit. 18 U.S.C. § 3161(h)(1). Those periods include, but are not limited to, the following:

> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
> (B) delay resulting from trial with respect to other charges against the defendant;
> (C) delay resulting from any interlocutory appeal;
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> (E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;
> (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the

3

defendant's arrival at the destination shall be presumed to be unreasonable;

(G) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and

(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h)(1). Also excludable is:

Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

Once a defendant makes a prima facie case, by showing that more than seventy days have passed, the government "has the burden of proving excludable time by a preponderance of the evidence." *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996). If the Speedy Trial Act is violated, the Court must dismiss the indictment with or without prejudice. 18 U.S.C. § 3162(a)(2).

III. **Discussion**

In his Motion to Dismiss, Defendant argues that his constitutional and statutory rights to a speedy trial have been violated. The Court will address each argument in turn.

A.  **Sixth Amendment**

With respect to the constitutional claim, Defendant maintains that, because he has been in custody "approaching one year,"[1] the threshold factor in *Doggett*, *i.e.*, an uncommonly long delay, is satisfied, rendering justified an analysis of the remaining *Doggett* factors. He then argues, in very conclusory fashion, that the Government is more to blame for the delay than he is, that he has asserted his right to a speedy trial, and that he has suffered prejudice from the delay.

The Government acknowledges that the length of the delay in this case creates a presumption of prejudice, triggering analysis of the other factors. *See United States v. Sutton*, 862 F.3d 547, 559 (6th Cir. 2017). It also acknowledges that Defendant timely asserted his speedy trial rights. It argues, however, that the remaining *Doggett* factors strongly weigh against a finding of a constitutional violation. The Court agrees.

Defendant clearly bears the brunt of the blame for the lengthy delays in this case. There is no evidence that the Government has purposely prolonged proceedings in this case. Rather, the delays have resulted from Defendant's troubled relationships with his numerous attorneys, and his repeated outbursts during court proceedings. Defendant's conduct has led the Court, on more than one occasion, to question his competency to stand trial. The time needed to

---

[1] At the time the motion was filed, Defendant had been in custody for approximately nine months. Needless to say, with the passage of additional time, the threshold factor has clearly been satisfied.

5

conduct these competency evaluations and conduct hearings related to those evaluations is the reason for the bulk of the delay in this case. Further delays are attributable to a hearing on Defendant's motion to suppress evidence, and on his attempted change of plea.

As to the final factor, prejudice must be assessed "'in the light of' three interests: (1) to prevent oppressive pretrial incarceration, (2) to minimize anxiety and concern due to unresolved criminal charges, and (3) to minimize damage to the defense." *Sutton*, 862 F.3d at 561-62. The Government notes that, if not in federal custody, Defendant would be in state custody, given the state parole detainer lodged against him. Accordingly, as to "oppressive pretrial incarceration," any claimed prejudice is minimal. With respect to anxiety due to the unresolved charges, the Government notes that Defendant himself is largely to blame for the delay. Moreover, he has identified no prejudice that the delay has caused to his ability to defend against the charges brought against him.

Having reviewed the arguments of the parties, the Court finds that, under the circumstances presented here, Defendant has failed to prove that the trial delay violated his Sixth Amendment right to a speedy trial. The Court turns to the question of whether the delay violated Defendant's statutory rights under the Speedy Trial Act.

B.  **Speedy Trial Act**

With respect to the Speedy Trial Act, it is undisputed that more than seventy days have elapsed since Defendant was arraigned on December 20, 2017. The burden therefore shifts to the Government to prove that the additional time is properly excludable under 18 U.S.C. § 3161(h).

In his Motion to Dismiss, Defendant argues that some of the periods of time that the Government may claim are properly excludable are not. More particularly, Defendant argues that delays occasioned by the Court's February 8, 2018, *sua sponte* referral of Defendant to a federal medical center for a determination of his mental competency to stand trial, his overall mental status and the determination of his sanity at the time of the offense, should not be excluded from the calculation.

Defendant notes that, under 18 U.S.C. § 4247(b), governing psychiatric and psychological examinations of criminal defendants, the Court shall designate the examiner and, "[u]nless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court." 18 U.S.C. § 4247(b). The statute further provides that a psychiatric or psychological examination shall be conducted within thirty days, with a possible fifteen-day extension. 18 U.S.C. § 4247(b).

Here, the Court did not designate any particular examiner or facility, but rather "a Federal Medical Center." Doc. #36. Defendant was sent to the federal medical center in Devens, Massachusetts, instead of the closer one in Lexington,

Kentucky. Moreover, although Defendant was picked up for transport by the U.S. Marshal on February 21, 2018, he did not arrive at FMC-Devens until March 15, 2018, twenty-one days later. As Defendant notes, transportation time in excess of ten days is presumed to be unreasonable. 18 U.S.C. § 3161(h)(1)(F). It appears that Defendant arrived at FMC Devens on March 15, 2018, and remained there until May 4, 2018. No extensions of time were sought.

Citing the transportation delays and the excessive time taken to complete the examination, Defendant argues that this time is not properly excludable. He further argues that time attributable to the hearing on the competency report is not properly excludable. After the Court and the parties received the examiner's report, and Defendant was appointed his current attorney, the Government asked for a hearing. Defendant maintains that, because the report was self-explanatory, no hearing was needed.

In its 30-page Memorandum in Opposition to Defendant's Motion to Dismiss, Doc. #54, the Government sets forth a very detailed timeline of all of the events that have transpired since Defendant's arrest on October 23, 2017. Doc. #54, pp. 1-5. The Government also cites much Sixth Circuit law concerning what may properly be excluded from the seventy-day Speedy Trial period. *Id.* at pp. 5-10. The Government then provides a detailed, day-by-day analysis of which events tolled the speedy trial clock and why. *Id.* at pp. 10-23.

With respect to the delay occasioned by the Court's *sua sponte* referral of Defendant for a mental competency evaluation—the *only* specific delay addressed

8

by Defendant in the Motion to Dismiss—the Government made the following observations.

The week before the Court's referral, Defendant's then-attorney, Jeffrey McQuiston, had filed a motion to withdraw as counsel. Doc. #34. At that point, the Court questioned whether McQuiston's request stemmed not from a personality conflict with his client, but from Defendant's possible incompetency. The Court determined that it needed a competency evaluation before it could resolve McQuiston's motion. It was not until the Court received that evaluation on May 15, 2018, that the Court had all of the materials it needed. The Court granted McQuiston's motion to withdraw on May 21, 2018, one week after receiving the examiner's report. Nevertheless, the speedy trial clock remained tolled through May 24, 2018, when attorney Anthony VanNoy was appointed to represent Defendant. Doc. #38.

Turning to the delay in transporting Defendant to FMC-Devens, the Government agrees that "[a]bsent some other tolling event," the speedy trial clock would begin to run again ten days after the order of transport.[2] Doc. #54, at p. 17. According to the Government, however, the speedy trial clock did not begin

---

[2] Citing *United States v. Hicks*, No. 1:15-cr-126, 2016 WL 4376283, at *2 (S.D. Ohio Aug. 16, 2016), the Government questions whether the Court's order, which referred Defendant to a federal medical center for a mental competency examination, but did not direct the U.S. Marshal to transport him there, is an "order to transport" within the meaning of 18 U.S.C. § 3161(h)(1)(F). In any event, the Sixth Circuit has held that a transportation time of more than ten days establishes only a *presumption* of unreasonableness. *United States v. Turner*, 602 F.3d 778, 785 (6th Cir. 2010).

9

to run again because it was already tolled on other, wholly-independent grounds. More specifically, on January 17, 2018, the Court had made an "ends of justice" finding through March 5, 2018, in response to McQuiston's motion to continue the trial. When that expired on March 6, 2018, the speedy trial clock remained tolled as a result of McQuiston's pending motion to withdraw as counsel, a motion that the Court did not resolve until May 21, 2018.

Likewise, even though the competency evaluation took longer than technically "allowed" by statute, the speedy trial clock was already tolled during this time as a result of McQuiston's pending motion. Moreover, the Sixth Circuit has held that all time associated with mental competency evaluations is excludable, regardless of the statutory time constraints in § 4247(b). *United States v. Murphy*, 241 F.3d 447, 456 (6th Cir. 2001).

The Court notes that Defendant filed no reply brief challenging any of the speedy trial calculations set forth in the Government's response brief. Having carefully reviewed those calculations, the Court agrees with the Government that, as of January 2, 2019, the date the response brief was filed, forty-nine days remained on the speedy trial clock. The clock would remain tolled until the Court resolved Defendant's pending motion to suppress evidence. That motion, Docs. ##43, 53, and the supplemental motion to suppress evidence, filed on February 11, 2019, Doc. #62, were not fully briefed until May 3, 2019. The Court then had 30 days, or until June 3, 2019, to issue its decision. The Court did not issue its

decision, overruling those motions to suppress, until June 7, 2019. Accordingly, three more days elapsed on the speedy trial clock, meaning that 46 days remained.

During a conference call held on June 17, 2019, the Government indicated that, by its calculations, there were either 36 or 46 days left on the speedy trial clock, depending on whether the period from June 8, 2019, through June 17, 2019, was excluded because defense counsel had not yet been able to meet with his client to discuss the implications of the Court's ruling on the motions to suppress. Counsel for Defendant did not object to the Government's calculations.

During that conference call, defense counsel explained that he was actually able to meet with his client on June 13, 2019. Over Defendant's objections, the Court made an "ends of justice" finding that the speedy trial clock was tolled from June 8, 2019, through June 13, 2019. Accordingly, as of June 17, 2019, there were 43 days left on the speedy trial clock, meaning that trial must commence by July 30, 2019. On July 16, 2019, Defendant was arraigned on the Second Superseding Indictment, extending the speedy trial clock one more day, until July 31, 2019.

Given that trial is scheduled to commence on July 23, 2019, the Court finds that, despite the significant delays in this case, there is no Speedy Trial Act violation.[3] The Government has proven, by a preponderance of the evidence, that all of the time beyond the seventy-day period was properly excludable.

---

[3] The Court notes that, even if no "ends of justice" finding had been made for June 8, 2019, through June 13, 2019, there would still have been 37 days left on

## IV. Conclusion

Having found no violation of the Sixth Amendment right to a speedy trial nor a violation of the Speedy Trial Act, the Court OVERRULES Defendant's Motion to Dismiss for Violation of Speedy Trial Rights, Doc. #47.

Date: July 23, 2019

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

the speedy trial clock as of June 17, 2019, rendering the July 23, 2019, trial date within the speedy trial deadline.