# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: June 16, 2022

Kevin Koller
Office of the U.S. Attorney
221 E. Fourth Street
Suite 400
Cincinnati, OH 45202

William Prigmore
F.C.I. Terre Haute
P.O. Box 33
Terre Haute, IN 47808

Re: Case No. 21-3716, *USA v. William Prigmore*
Originating Case No. : 3:17-cr-00187-1

Dear Counsel and Mr. Prigmore,

The Court issued the enclosed Order today in this case.  Judgment to follow.

Sincerely yours,

s/Ryan E. Orme
Case Manager
Direct Dial No. 513-564-7079

cc: Mr. Richard W. Nagel

Enclosure

Mandate to issue

<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 21-3716

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 16, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|    Plaintiff-Appellee, | ) |
| v. | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| WILLIAM PRIGMORE, | ) |
|    Defendant-Appellant. | ) |

<u>O R D E R</u>

Before:  McKEAGUE, WHITE, and READLER, Circuit Judges.

William Prigmore appeals two orders of the district court, including one overruling his post-judgment motions that were filed while his appeal of his criminal judgment was pending. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

A jury found Prigmore guilty of possessing a firearm as a felon and possessing ammunition as a felon, both in violation of 18 U.S.C. § 922(g).  In July 2020, the district court sentenced him to 120 months of imprisonment.  We affirmed the judgment on appeal.  *United States v. Prigmore¸* 15 F.4th 768 (6th Cir. 2021).

Prigmore was remanded to federal custody after the district court pronounced judgment. In March 2021, while the direct appeal was pending, Prigmore filed two pro se motions seeking changes to the conditions of his confinement and another pro se motion asking the court to review all public records "to prove [a] pattern of torture under continuing detention conditions."  The motions also made general references to Prigmore's innocence and to Prigmore's grievances with the district court's treatment of him.  On July 8, 2021, the district court issued an order overruling

these motions "due to its lack of jurisdiction over a matter pending before the United States Court of Appeals for the Sixth Circuit." The court also pointed out that it did not have authority to direct the Bureau of Prisons to grant the changes Prigmore sought. Owing to Prigmore's numerous other filings and the court's belief that it lacked jurisdiction while his appeal was pending, the court issued a separate order directing the court clerk to return all future correspondence from Prigmore unopened.

Prigmore filed a timely notice of appeal with respect to both orders. We issued a published decision affirming the criminal judgment in October 2021, and in December the mandate issued in the appeal.

We review de novo the district court's determination of jurisdiction with respect to the order overruling Prigmore's motions. *United States v. Johnson*, 932 F.3d 965, 966 (6th Cir. 2019) (per curiam). But we also have an obligation to determine whether we ourselves have jurisdiction to decide the appeal. The government argues that this appeal is moot because the district court has regained jurisdiction following the issuance of the mandate in the direct appeal of Prigmore's conviction and sentence. "It is a basic principle of Article III [of the United States Constitution] that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (per curiam) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). Consequently, we must dismiss an appeal if it becomes moot pending our review. *Radiant Glob. Logistics, Inc. v. Furstenau*, 951 F.3d 393, 396 (6th Cir. 2020) (per curiam).

Our mandate did not moot this appeal. Whether the district court presently has jurisdiction to decide Prigmore's post-judgment motions has no bearing on whether the district court had jurisdiction over the motions while Prigmore's first appeal was pending. Nevertheless, the district court correctly concluded that it did not have jurisdiction over Prigmore's post-judgment motions to the extent they challenged his convictions and sentences. The general rule is that filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*,

459 U.S. 56, 58 (1982); *see United States v. Garcia-Robles*, 562 F.3d 763, 767-68 (6th Cir. 2009) (reiterating that a notice of appeal "divested the district court of jurisdiction" with respect to a criminal case). Very few exceptions to this divestiture rule exist, especially if the appeal was timely filed with respect to a final appealable order. *See Lewis v. Alexander*, 987 F.2d 392, 394-95 (6th Cir. 1993).

In criminal proceedings, one such exception applies with respect to whether the defendant should be released or in custody pending a direct criminal appeal. Fed. R. App. P. 9(b); *see United States v. Krzyske*, 857 F.2d 1089, 1091-92 (6th Cir. 1988); *Jago v. U.S. Dist. Ct.*, 570 F.2d 618, 623 (6th Cir. 1978). The district court also has authority to "recommend to the Attorney General that the defendant be confined near the place of the trial or appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal." Fed. R. Crim. P. 38(b)(2). Neither exception applies to Prigmore. His motions did not seek his release from custody pending the resolution of his appeal and the district court correctly pointed out that it could not order the Bureau of Prisons to provide the relief Prigmore wanted, since Criminal Rule 38 only empowers the court to make recommendations.

The government properly recognizes on appeal that some of Prigmore's post-judgment claims do not concern "aspects of the case involved in the appeal," *Griggs*, 459 U.S. at 58, but rather, conditions-of-confinement claims potentially cognizable through a separate proceeding. These latter claims, including the government's defenses, should be addressed on remand.

As to the district court's order to the clerk, "[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). "Moreover, we see nothing wrong, in circumstances such as these, with an order . . . that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category." *Id.* We note that the district court's order here was issued on the basis that Prigmore's "underlying conviction is presently pending before the United States Court of Appeals for the Sixth Circuit." But the order does not include language ending its effect upon the issuance of the

No. 21-3716
- 4 -

mandate in the direct appeal and the return of the case's jurisdiction to the district court. We therefore vacate the order and remand the matter to the district court for any necessary modifications. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order).

Accordingly, we **AFFIRM** the district court's order denying Prigmore's pro se motions to the extent those motions addressed "aspects of the case involved in the appeal," *Griggs*, 459 U.S. at 58, but recognize that jurisdiction was returned to the district court upon the entry of the mandate. We **VACATE** the district court's order to the clerk and **REMAND** the matter for additional consideration.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk